IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES RAY GIBSON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-067 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS and TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas pursuant to two (2) convictions out of Terry County, Texas (possession of a controlled substance and bail jumping) and the resultant 20-year sentences assessed in each case. *State v. Gibson*, Terry County Cause Nos. 5471, 5472.  By his application, petitioner appears to challenge (1) testimony given during the October 2008 state court proceedings involving these two convictions; (2) TDCJ's failure to credit his sentence with jail time from 2005; (3) respondent's failure to classify him as a newly received offender when he was received into TDCJ custody in November 2008; and (4) respondent's failure to credit petitioner with "good time to match [his] jail time credit."  Petitioner also appears to seek  habeas corpus relief so he can then file suit to recover damages under 42 U.S.C. § 1983 for a period of confinement he alleges was unconstitutional. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

On August 27, 2013, respondent filed a motion to dismiss petitioner's habeas application as time barred. Petitioner has not responded to that motion to dismiss. For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion be GRANTED, and the petition for a writ of habeas corpus be DISMISSED as time barred.

## I.
## PROCEDURAL HISTORY

Petitioner was indicted in Terry County, Texas for the offense of possession of a controlled substance, namely cocaine and marijuana, in an amount of 4 grams or more, but less than 200 grams by aggregate weight. *State v. Gibson*, No. 5273. On March 8, 2006, a jury found petitioner guilty and assessed petitioner's punishment at 99-years imprisonment.

Petitioner filed a direct appeal challenging the 2006 conviction and 99-year sentence. On October 9, 2007, the Court of Appeals for the Seventh District of Texas reversed petitioner's conviction, finding the trial court should have granted a motion to suppress. *Gibson v. State*, 252 S.W.3d 709 (Tex.App.–Amarillo 2008, pet. ref'd). On July 24, 2008, after remand to the Terry County state court, the State dismissed the case.

On October 25, 2005, petitioner was indicted in Terry County, Texas for the offenses of possession of a controlled substance and bail jumping. *State v. Gibson*, Nos. 5471, 5472. On October 29, 2008, after the conviction with the 99-year sentence had been reversed, petitioner pled guilty to both of these offenses and received a 20-year sentence for each offense, such sentences to run concurrently. Petitioner did not file a direct appeal in either case.

On June 27, 2012, petitioner filed a state application for a writ of habeas corpus challenging his convictions and sentences in both Cause No. 5471 and 5472, such application being file-marked

June 28, 2012.[1]  On October 10, 2012, the Texas Court of Criminal Appeals dismissed these applications without written order.  *In re Gibson*, App. Nos. 40,013-05 and -06.

On January 21, 2013, petitioner filed a second state application for habeas relief in both cases, such applications being file-marked February 15, 2013.[2]  On April 17, 2013, the Texas Court of Criminal Appeals dismissed those state habeas applications as successive.  *In re Gibson*, App. No. 40,013-09 and -10.

On April 16, 2013, petitioner filed this federal habeas petition challenging the two state court convictions and sentences (Nos. 5471 and 5472).  On August 27, 2013, respondent filed a motion to dismiss petitioner's habeas application as time barred.  Petitioner has not responded to the motion to dismiss.

## II.
## ALLEGATIONS

Petitioner alleges his conviction and sentence violate his rights under the United States Constitution because:

1. In Cause Nos. 5471 and 5472, a witness committed perjury;

2. Petitioner has been maliciously prosecuted because after Cause No. 5273 was dismissed, he was not given credit for jail time served from January 5, 2005 to August 1, 2005;

3. Respondent has violated the prohibition against double jeopardy because TDCJ failed to treat petitioner as a newly received offender when he was processed into TDCJ on November 12, 2008; and

---

[1] *See Richards v. Thaler*, 2013 WL 809246 (5th Cir. March 5, 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex.Crim.App. 2010)).  The state habeas application does not include a verification indicating when petitioner placed his application in the prison mail, however, until provided evidence to the contrary by either party, this Court will use the date indicated on the Inmate Declaration.

[2] Again, the state habeas application does not include a verification indicating when petitioner placed his application in the prison mail.  The Inmate Declaration reflects the date of January 21, 2013, however, the file stamp on the application indicates it was received on February 15, 2013.

    4.    Respondent has violated the prohibition against double jeopardy because when petitioner arrived at TDCJ on November 12, 2008, he was not given a new TDCJ number and was not awarded good time to match his jail time credit.

### III.
### THE PETITION IS NOT TIMELY FILED

*A. Time Limitations*

Petitioner filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). The pertinent provisions of that statute state:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*B. The Time Line in Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(A)*

According to the habeas corpus petition, the date of judgment of conviction in petitioner's cases was October 29, 2008. Petitioner did not directly appeal either conviction. Therefore, they

became final thirty days after the entry of judgment, which was November 28, 2008. *See* Tex. R. App. P. 26.2(a)(1). Absent any tolling, the one-year AEDPA limitations period expired November 29, 2009.

Petitioner filed state habeas corpus applications challenging the same two convictions he challenges in this federal petition. Petitioner filed the first state application on June 27, 2012. The Court of Criminal Appeals denied the application without written order on October 10, 2012. *Ex Parte Gibson*, WR-40,013-05, -06. The second state application was received by the Court of Criminal Appeals on February 15, 2013 and dismissed as successive on April 17, 2013. *Ex Parte Gibson*, WR-40,013-09,-10. Petitioner's federal habeas corpus petition was filed on April 16, 2013.

Without consideration of the state habeas corpus applications, petitioner's federal petition was due on November 27, 2009 but was not filed until April 16, 2013, making the federal petition over three years late. Since he did not file his state habeas petition until after the expiration of limitations, the state applications did not toll the AEDPA time period. *See* 28 U.S.C. § 2244(d)(1) (indicating the AEDPA time period is only tolled by state actions taken *within* the one year after the conviction's finality). There is no scenario by which the instant petition is timely filed under 28 U.S.C. § 2244(d)(1)(A).

### C. Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(B)-(D)

Regarding the other subsections of § 2244(d)(1), petitioner makes no claim the other subsections are applicable and the applicability of those subsections is not apparent from this court's review. Petitioner's claims should be dismissed as time barred.[3]

---

[3] It appears from his pleadings that petitioner was processed into TDCJ on or about November 12, 2008. Assuming petitioner did not learn of the factual predicate for grounds 2, 3, and/or 4 until he was received into the custody of TDCJ, the petition is still time-barred since the calculations outlined above are based upon a November 28, 2008 start date.

## V.
## PETITIONER'S DISMISSED CHARGE

As set forth in paragraph III, there does not appear to be any real dispute that petitioner's claims are time barred. Indeed, petitioner has not challenged respondent's motion to dismiss, and, in his response to a briefing order (Dkt. # 10), petitioner admits all events occurred in 2008.

The issue warranting the court's attention was not presented as a separate ground for relief, but is an issue included within petitioner's stated grounds. Petitioner presented documentation that TDCJ was treating his custody status to include the 99-year sentence (Cause No. 5273), which had been reversed on direct appeal and later dismissed. Petitioner attached to his federal petition a document entitled "Commitments", dated March 14, 2013. This document reflected TDCJ was still showing a 99 year sentence in Cause No. 5273. The document further showed a maximum discharge date of October 30, 2104, which would have been 99 years from the sentence begin date of October 31, 2005.

In addition, TDCJ Offender Information Details, accessible through the TDCJ website, reflected that as of June 19, 2013 the 2006 conviction and 99-year sentence in Cause No. 5273 were still showing, although petitioner's maximum discharge date was October, 12, 2025.

Because of the uncertainty about the 2006 conviction, which had been dismissed in 2008, and whether it was affecting petitioner's imprisonment in 2013 in some manner, respondent was ordered (Order to Show Cause Dkt. # 11) on June 19, 2013 to file a partial response to the federal petition and to address the impact, if any, of the dismissed 2008 conviction.

The response was filed August 27, 2013 (Motion to Dismiss Dkt # 16). In the motion to dismiss the respondent referenced an exhibit B, stating the exhibit complied with the Court's request for a detailed explanation of the sentence or sentences Gibson was serving and how the

dismissed case (5273) was being treated by TDCJ.

Exhibit B contains the affidavit of Charley Valdez, Program Supervisor III, TDCJ. Mr. Valdez States petitioner Gibson is currently serving two 20-year sentences (cause Nos. 5471 and 5472) and is in TDCJ custody on these sentences only. Mr. Valdez further states the two 20-year sentences "are not impacted by dismissed cause number 5273." This Court's review of the Offender Information Details at the TDCJ website reflects that, as of February 14, 2014, the 99 year-sentence in Cause No. 5273 is no longer showing.

## VI.
## CONCLUSION

Although respondent's motion to dismiss does not explain why the dismissed 99-year sentence was still showing as late as March through June 2013 even though it had been dismissed in 2008, the records attached to respondent's motion to dismiss, i.e. exhibit B, reflect the 99-year sentence is not showing to still be in effect. Further, petitioner has not disputed Mr. Valdez's affidavit. Because it appears the 99-year sentence in 5273 is no longer being shown, any issue which may have been raised by petitioner about that 2006 conviction is moot and this Court need not address it further.

Petitioner does not appear to have received any credit against the two sentences he is now serving for the time he spent in TDCJ custody on the 2006 conviction, which was dismissed in 2008. Unfortunately for petitioner, the court is not aware of any method by which petitioner would be entitled for credit against the two 20-year sentences for time he served on the unrelated, dismissed conviction. In any case, petitioner has not specifically asked for such relief here, and any request for such relief is not properly before the Court.

## V.
## RECOMMENDATION

The claims petitioner has specifically presented in his petition are time barred. It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's motion to dismiss be GRANTED, and that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHARLES RAY GIBSON, JR. be DISMISSED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this      5th      day of March 2014.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## **<u>* NOTICE OF RIGHT TO OBJECT *</u>**

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).